IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ST. BYRON LESTER SMOOT, | * | |
| Plaintiff *pro se*, | * | |
| v. | * | |
| | | Civil Action No. RDB 05-3106 |
| RUSSELL SIMMONS and HAL J. UPBIN, | * | |
| | * | |
| Defendants. | | |
| | * | |

*   *   *   *   *   *   *   *   *   *   *   *   *

## MEMORANDUM OPINION

Byron Lester Smoot ("Plaintiff" or "Smoot") brings this three-count action against

Russell Simmons and Hal J. Upbin ("Defendants").  Defendant Russell Simmons ("Simmons") is

founder of the clothing and accessories line Phat Farm, whose headquarters is in New York.

Defendant Hal J. Upbin ("Upbin") is CEO of Phat Farm's parent company, Kellwood Co,

located in Missouri.  Plaintiff contends that Defendants used Plaintiff's t-shirt and tennis shoe

designs in violation of Plaintiff's rights under the federal Copyright Act, 17 U.S.C. §§ 101 *et*

*seq*. and the False Claims Act, 31 U.S.C. §§ 3729 *et seq*., and also asserts a claim for unjust

enrichment.  Neither Defendant is a resident of the State of Maryland.  Plaintiff asserts that this

Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1367.[1]

---

[1] Plaintiff also claims that jurisdiction exists under 28 U.S.C. §§ 1345 and 1348.  These statutes refer to suits brought by the United States or an officer or agent thereof.  The instant case, however, does not involve the United States or any of its officers or agencies. Accordingly, this Court will not consider 28 U.S.C. §§ 1345 or 1348 as potential bases for jurisdiction.

Pending before this Court is Defendants' Motion to Dismiss the Complaint Pursuant to

Fed. R. Civ. P. 12(b)(1), 12(b)(2), 12(b)(3) and 12(b)(6), And Alternatively In Support of

Motion For More Definite Statement Pursuant to Fed. R. Civ. P. 12(e).  No hearing is necessary.

*See* Local Rule 105.6 (D. Md. 2004).  For the reasons that follow, Defendants' Motion to

Dismiss pursuant to Fed. R. Civ. P. 12(b)(2) is GRANTED.

## BACKGROUND

Smoot is founder and owner of African Citizens Insisting Reparations From America,

Inc. ("ACIRFA").  (Pl.'s Opp., Ex. A p. 1.)  ACIRFA was incorporated in May of 2002 for the

purpose of "[t]he manufacture and sale of clothing, accessories and specialty merchandise."

(Pl.'s Opp., Ex. B p. 8.)

In June and July of 2002, Smoot sent two business portfolios to Simmons, seeking

financial backing for ACIRFA.  Simmons is the founder of several companies, including Phat

Farm, which produces clothing and apparel.  Phat Farm's website provides the following

information about the company:

> Led by the vision of Russell Simmons, the founder of the modern day
> hip-hop movement, Phat Fashions has developed into a symbol of
> contemporary American culture – a mixture of the hip-hop culture of
> the streets and the preppy culture of the Ivy League. . . . Key to Phat
> Fashions' success is the brands commitment to quality, innovation in
> design, and support of the retail trade through strategic marketing and
> advertising. For the consumer, Phat Fashions delivers a universal
> message that breaks stereotypes and ethnic boundaries – setting the
> new standard in sportswear and establishes the company as the
> complete American lifestyle brand.

Phat Farm, "About Us," http://www.phatfarm.com/company.php (last visited July 14, 2006).

Upbin is CEO of Phat Farm's parent company, Kellwood Co.  Smoot has submitted a copy of the

materials he allegedly provided to Simmons, which include a cover letter, a "Business Proposal

Portfolio," ACIRFA's "Articles of Incorporation for a Close Corporation," ACIRFA's by-laws,

five proposed ACIRFA t-shirt designs, and the design for an ACIRFA tennis shoe.  (*See* Pl.'s

Opp., Exs. B-I.)  Among Smoot's designs, one shirt has a "Reparations Now 2003" slogan.  (*See*

Pl.'s Opp., Ex. C.)  Additionally, Smoot's shoe design included a "caramel gum sole," and

ACIRFA's insignia on the "reverse shell head," the side of the shoe, and the back of the shoe.

(*See* Pl.s Opp., Exs. H-J.)

In his cover letter to Simmons, Smoot proposed two business opportunities, only one of

which—ACIRFA—is at issue in this case.  After introducing ACIRFA, Smoot's cover letter

stated:

> Gentlemen, I am certain each of you are in the market for future business venture investments, wherefore, I am presenting my proposals in search of credited investors, partnerships, or sale of businesses and intellectual properties. i.e. patents, copyrights, TM/SM etc.
>
> If you are interested in my proposals and wish to confer further or retain exclusive rights, please contact my representative as soon as possible.  Please note: A retainer in the amount of $10,000 must be submitted in escrow and held until an agreement has been made. This retainer shall be refunded in full if an agreement is not reached in 21 working days after initial date submitted.

(Pl.'s Opp., Ex. B.)  There is no allegation that Simmons responded to Smoot's request.

In August 2002, Smoot applied for a copyright for a work entitled "'NACIRFA'

Reparations Logo 'It Makes a Difference.'" (Pl.'s Opp., Ex. O.)  Although Smoot alleges that

this copyright was registered, Defendants contend that Smoot fails to provide sufficient

documentation to support this allegation.  (*See* Pl.'s Opp. p. 6 & Exs. N-Q.)

Smoot claims that after receiving his portfolio, Defendants used Smoot's designs for Phat

Farm products.  Specifically, Smoot claims that in 2003, after receiving Smoot's designs,

Simmons used Plaintiff's "Reparations Now" slogan to advertise Phat Farm's "The Hampton" line of shoes.  (*See* Pl.'s Mem. Supp. Opp. p. 4-5.)  Moreover, Smoot contends that Defendants incorporated features from Smoot's shoe design in "The Hampton" that Phat Farm had never used before, including "running board boarders", "caramel gum soles", and an "insignia on sole-side of shoe."  (Pl.'s Opp., Ex. R p. 3.)

On November 15, 2005, Smoot filed a Complaint with this Court.[2]  On December 29, 2005, Defendants filed their Motion to Dismiss the Complaint Pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(2), 12(b)(3) and 12(b)(6), And Alternatively In Support of Motion For More Definite Statement Pursuant to Fed. R. Civ. P. 12(e).  Defendants contend, *inter alia*, that this Court lacks personal jurisdiction over Defendants, that venue is improper, that this Court lacks subject matter jurisdiction over Smoot's copyright infringement claim, and that Smoot has failed to state a claim under the False Claims Act or for unjust enrichment.

## STANDARD OF REVIEW

### I.     Personal Jurisdiction.

When a defendant challenges a court's power to exercise personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), "the jurisdictional question is to be resolved by the judge, with the burden on the plaintiff ultimately to prove grounds for jurisdiction by a preponderance of the evidence." *Dring v. Sullivan*, 423 F. Supp. 2d 540, 543 (D. Md. 2006)

---

[2]  Sometime after filing his Complaint, Smoot submitted an undated letter to Simmons, alerting Simmons to the pending action, asking Simmons to investigate possible copyright infringement at Phat Farm, and once again inviting Simmons to invest in ACIRFA.  (*See* Pl.'s Opp., Ex. S.)  After receiving no response from Simmons, Smoot sent another undated letter to Upbin, listing Simmons' alleged infringements and requesting that Upbin contact Smoot to resolve the matter.  (*See* Pl.'s Opp., Ex. R.)

(citing *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Ctrs, Inc.*, 334 F.3d 390, 396 (4th Cir.

2003)).  When a district court "decides a pretrial personal jurisdiction motion without conducting

an evidentiary hearing, the plaintiff need only make a *prima facie* showing of personal

jurisdiction." *Carefirst*, 334 F.3d at 396 (citing *Combs v. Bakker,* 886 F.2d 673, 676 (4th Cir.

1989)).  "In deciding whether the plaintiff has proved a *prima facie* case of personal jurisdiction,

the district court must draw all reasonable inferences arising from the proof, and resolve all

factual disputes, in the plaintiff's favor." *Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 60 (4th Cir.

1993) (citing *Combs*, 886 F.2d at 676).

   In order for a court to exercise personal jurisdiction over a non-resident defendant, two

conditions must be satisfied: "(1) the exercise of jurisdiction must be authorized under the state's

long-arm statute and (2) the exercise of jurisdiction must comport with the due process

requirements of the Fourteenth Amendment." *Carefirst*, 334 F.3d at 396.  Although it is well-

established that the outer limits of the Maryland long-arm statute are "co-extensive" with due

process requirements, the Maryland Court of Appeals recently noted that analysis under the

long-arm statute remains a requirement of the personal jurisdiction analysis. *Mackey v. Compass

Mktg, Inc.*, 892 A.2d 479, 493 n.6 (Md. 2006); *see also Carefirst,* 334 F.3d at 396-97; *Stover v.

O'Connell Assocs., Inc.*, 84 F.3d 132, 135 (4th Cir. 1996); MD CODE ANN., CTS. & JUD. PROC.

§ 6-103 (Maryland long-arm statute).  In order for the exercise of personal jurisdiction to

comport with due process, a non-resident defendant must have sufficient "minimum contacts"

with the forum state that requiring it to defend itself within the forum state "does not offend

traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S.

310, 316 (1945).

II.     **Subject Matter Jurisdiction.**

Motions to dismiss for lack of subject matter jurisdiction are decided under Federal Rule of Civil Procedure 12(b)(1).  "The plaintiff bears the burden of proving that subject matter jurisdiction properly exists in the federal court."  *Biktasheva v. Red Square Sports, Inc.*, 366 F. Supp. 2d 289, 294 (D. Md. 2005).  The court may "consider evidence outside the pleadings" in a 12(b)(1) motion to determine if it has jurisdiction over the case.  *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).  "The court should grant the 12(b)(1) motion only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law."  *Biktasheva*, 366 F. Supp. 2d at 294 (quoting *Richmond*, 945 F.2d at 768).

III.    **Failure to State a Claim**.

Defendants alternatively seek to dismiss Smoot's False Claims Act and unjust enrichment claims pursuant to Federal Rule of Civil Procedure 12(b)(6) of the Federal Rules of Civil Procedure.  When the legal sufficiency of a complaint is challenged under Rule 12(b)(6), the court assumes "the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations."  *Eastern Shore Mkts. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000) (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).  A Rule 12(b)(6) motion to dismiss "should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief."  *Migdal v. Rowe Price-Fleming Int'l Inc.,* 248 F.3d 321, 325 (4th Cir. 2001); *see also Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005).  Furthermore, the "Federal Rules of Civil Procedure do

not require a claimant to set out in detail the facts upon which he bases his claim." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Rather, Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal*, 248 F.3d at 325-26; *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)). However, while "notice pleading requires generosity in interpreting a plaintiff's complaint . . . generosity is not fantasy." *Bender v. Suburban Hosp., Inc.*, 159 F.3d 186, 191 (4th Cir. 1998).

In reviewing the complaint, the court accepts all well-pleaded allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *Venkatraman*, 417 F.3d at 420*; Ibarra v. United States,* 120 F.3d 472, 473 (4th Cir. 1997); *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). The court must disregard the contrary allegations of the opposing party. *A.S. Abell Co. v. Chell*, 412 F.2d 712, 715 (4th Cir. 1969). However, in considering a motion to dismiss, the court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments" nor "the legal conclusions drawn from the facts." *Eastern Shore Mkts., Inc.,* 213 F.3d at 180; *see also Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.*, 329 F. Supp. 2d 574, 578 (D. Md. 2004).

## **DISCUSSION**

Defendants raise several arguments in support of dismissal. This Court will first address Defendants' jurisdictional arguments before analyzing their arguments based on the merits because "[w]ithout jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is

that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*,

523 U.S. 83, 94 (1998)); *see also Bell v. Hood*, 327 U.S. 678, 682 (1946) ("Whether the

complaint states a cause of action on which relief could be granted is a question of law and just

as issues of fact it must be decided after and not before the court has assumed jurisdiction over

the controversy.").

## I.     Personal Jurisdiction.

Defendants assert two arguments in support of their claim that this Court lacks personal

jurisdiction over this case.  First, Defendants contend that Smoot "fails to allege any contacts by

Simmons or Upbin with Maryland, let alone some number of 'minimum contacts' that would

satisfy due process. . . . No activity by either Defendant is alleged to have occurred in

Maryland."  (Defs.' Mem. Supp. Mot. Dismiss p. 3.)  Second, Defendants claim that this Court

does not have jurisdiction over either Defendant because ". . . the hypothetical general

transaction of business by Defendants' corporation . . . in Maryland [cannot] be imputed to

Defendants individually for personal jurisdiction purposes."  (Defs. Mem. Supp. Mot. Dismiss.

p. 3-4.)

A federal court may exercise personal jurisdiction over a nonresident defendant if (1)

jurisdiction is authorized under the long-arm statute of the forum state, and (2) the assertion of

jurisdiction comports with due process requirements.  *See Christian Sci. Bd. of Dirs. of First

Church of Christ, Scientist v. Nolan*, 259 F.3d 209, 215 (4th Cir. 2001).  Personal jurisdiction

must be based on an individual's personal contacts with or purposeful availment of the forum

state.  *See Quinn v. Bowmar Publ'g Co.*, 445 F. Supp. 780, 785 (D. Md.1978); *see also Calder v.

Jones*, 465 U.S. 783, 790 (1984) ("Each defendant's contacts with the forum State must be

assessed individually.").  In this case, Smoot acknowledges that neither Defendant is a resident of Maryland.  (*See* Compl. ¶ 2.)  In addition, even construing all facts in Smoot's favor, this Court finds that Smoot has failed to allege any specific facts connecting either Defendant to the State of Maryland.  Accordingly, Smoot has failed to make a *prima facie* showing with respect to the contacts necessary to justify personal jurisdiction.[3]

Although Smoot never raised the issue, this Court notes that Defendants would not be subject to this Court's jurisdiction simply by virtue of their corporations' activities in Maryland.  "[T]here is no basis whatsoever for holding that merely because a corporation transacts business in the state, contracts to supply goods or services in the state or has other substantial contacts with the state, an individual who is its principal should be deemed to have engaged in those activities personally."  *Birrane v. Master Collectors, Inc.*, 738 F. Supp. 167, 169 (D. Md. 1990).  Smoot's opposition papers indicate that he believes that Simmons' corporation—Phat Farm— appropriated Smoot's designs.  However, an individual defendant's "status as an officer, director, employee and owner of" a corporation alleged to have committed violations of law "is not sufficient-standing alone-to confer personal jurisdiction over him individually."  *Harte-Hanks Direct Mktg./Baltimore, Inc. v. Varilease Tech.*, 299 F. Supp. 2d 505, 513 (D. Md. 2004).

In sum, Smoot has failed to meet his burden of establishing a *prima facie* claim of personal jurisdiction.  Accordingly, Defendant's Motion to Dismiss the Complaint Pursuant to

---

[3]  Smoot has sued Simmons and Upbin individually, and has not sued the corporations Phat Farm and Kellwood Co.  There has not been any allegation with respect to the conduct of business within the State of Maryland by the corporations Phat Farm and Kellwood Co. that would indicate a showing of personal jurisdiction over either corporation.  *See Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945).  However, this Court's ruling is limited to the individually named Defendants Simmons and Upbin.

Rule 12(b)(2) is GRANTED.[4]  *Carefirst*, 334 F.3d at 396.


## II.    Copyright Claim.

Assuming *arguendo* that Smoot could make a *prima facie* showing with respect to personal jurisdiction, this Court nonetheless lacks subject matter jurisdiction over Smoot's claim for copyright infringement under the Copyright Act, 17 U.S.C. §§ 101 *et seq.*  Defendants contend that this Court lacks subject matter jurisdiction because Smoot "has not alleged any registrations for his supposed shoe design or t-shirt slogan with the U.S. Copyright Office." (Defs.' Mem. Supp. Mot. Dismiss p. 5.)  Smoot counters that he did register his designs and has submitted a copy of his application to the United States Copyright Office, with a stamp confirming that the application was received on August 9, 2002.  (*See* Pl.'s Mem. Supp. Opp. p. 6; Pl.'s Opp., Ex. O.)

This Court has previously explained that "[i]t is axiomatic that copyright *registration* is a jurisdictional prerequisite to bringing an action for infringement under the Copyright Act." *Mays & Assocs., Inc. v. Euler*, 370 F. Supp. 2d 362, 366 (D. Md. 2005) (emphasis added) (citing 17 U.S.C. §§ 101 *et seq.*; *Trandes Corp. v. Guy F. Atkinson Co.*, 996 F.2d 655, 658 (4th Cir.1993); *Xoom, Inc. v. Imageline, Inc.*, 323 F.3d 279, 283 (4th Cir. 2003)).[5]  In addressing the

---

[4]  Because this Court determines that it lacks personal jurisdiction over Defendants in this action, this Court need not reach Defendants' argument that venue is improper.

[5]  The Copyright Act provides in relevant part:

> Except for an action brought for a violation of the rights of the author under section 106A(a), and subject to the provisions of subsection (b), no action for infringement of the copyright in any United States work shall be instituted until *preregistration or registration* of the copyright claim has been made in accordance with this title. In any

question of what constitutes "registration" for purposes of the Copyright Act, this Court has held that "[t]he receipt of an actual certificate of registration or denial of same is a jurisdictional prerequisite [to filing a claim under the Copyright Act] as this Court should not exercise its jurisdiction prematurely and 'prejudge' a determination to be made by the Copyright Office." *Mays*, 370 F. Supp. 2d at 369 (finding that plaintiff's filing of a copyright application failed to satisfy the Copyright Act's registration requirement). [6]

Smoot has provided no documentation that his copyright was either registered or denied by the United States Copyright Office and thus cannot establish that this Court has subject matter jurisdiction over his copyright infringement claim.[7]  Smoot simply has not rebutted Defendants' evidence that his designs have never been registered as copyrights and his conclusory statements to the contrary are insufficient to salvage his copyright infringement claim.  While facts are

---

case, however, where the deposit, application, and fee required for registration have been delivered to the Copyright Office in proper form and *registration has been refused,* the applicant is entitled to institute an action for infringement if notice thereof, with a copy of the complaint, is served on the Register of Copyrights. The Register may, at his or her option, become a party to the action with respect to the issue of registrability of the copyright claim by entering an appearance within sixty days after such service, but the Register's failure to become a party shall not deprive the court of jurisdiction to determine that issue.

17 U.S.C. § 411(a) (emphasis added).

[6] Although other courts within the Fourth Circuit have adopted the "registration upon application approach," by which "filing a copyright application meets the registration requirement in 17 U.S.C. § 411(a) and, therefore, [confers] subject matter jurisdiction [] for a [] copyright claim," *see Iconbazaar, L.L.C. v. America Online, Inc.*, 308 F. Supp. 2d 630, 634 (M.D.N.C. 2004), this Court has declined to adopt that approach.  *Mays & Assocs., Inc.*, 370 F. Supp. 2d at 367.

[7] Defendants assert, moreover, that a search of the United States Copyright Office's database shows that Smoot's designs are not registered.  *See* United States Copyright Office "Registered Works Database," http://www.copyright.gov/records/cohm.html.

construed in Smoot's favor for purposes of deciding Defendants' Motion to Dismiss, this Court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments" nor "the legal conclusions drawn from the facts." *Eastern Shore Mkts., Inc.,* 213 F.3d at 180. Accordingly, Smoot does not satisfy 17 U.S.C. § 411(a)'s registration requirement and this Court lacks subject matter jurisdiction over Smoot's claim under the Copyright Act pursuant to Rule 12(b)(1).

**III.     False Claims Act.**

Assuming *arguendo* that Smoot could make a *prima facie* showing with respect to personal jurisdiction, Smoot's claim under the False Claims Act also fails on the merits for failure to state a claim upon which relief can be granted. Defendants argue that Smoot's claim under the False Claims Act, 31 U.S.C. §§ 3729 *et seq*., must fail because that Act "only concerns claims by and for the benefit of the U.S. Government when the Government has been defrauded." (Defs. Mem. Supp. Mot. Dismiss p. 6.) The provision of the False Claims Act that governs private actions provides:

> [a] person may bring a civil action for a violation of section 3729 for the person and for the United States Government. The action shall be brought in the name of the Government.

31 U.S.C. § 3730(b)(1). Defendants point out that because Smoot has not brought his claim on behalf of the United States Government, he cannot state a claim under the False Claims Act. Moreover, nothing in the facts suggests that Defendants defrauded the United States Government and therefore the False Claims Act is not implicated by this case. Accordingly, Smoot's claim under the False Claims Act fails pursuant to Rule 12(b)(6).

**IV.     Unjust Enrichment.**

Assuming *arguendo* that Smoot could make a *prima facie* showing with respect to

personal jurisdiction, Defendants also argue that Smoot's unjust enrichment claim is pre-empted by the federal Copyright Act.  (*See* Defs.' Mem. Supp. Mot. Dismiss p. 6.)  Under that Act, ". . . all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright . . . that are fixed in a tangible medium of expression and come within the subject matter of copyright . . . are governed exclusively by this title."  17 U.S.C. § 301(a).  "To determine whether a state claim is preempted by the Act, courts must make a two-part inquiry: (1) the work must be within the scope of the subject matter of copyright; and (2) the state law rights must be equivalent to any exclusive rights within the scope of federal copyright."  *Fischer v. Viacom Intern., Inc.*, 115 F. Supp. 2d 535, 540 (D. Md. 2000) (citing *United States ex rel. Berge v. Board of Trustees of the Univ. of Alabama*, 104 F.3d 1453, 1463 (4th Cir. 1997)).  Finally, a plaintiff "cannot escape the preemptive effect of § 301 merely by failing to register its copyright in a timely fashion."  *Trandes Corp. v. Guy F. Atkinson Co.*, 996 F.2d 655, 658 (4th Cir. 1993).

In this case, the first prong is satisfied because Smoot's designs fall within the subject matter of the Copyright Act as a "pictorial" work.[8]  With respect to the second prong, this Court has acknowledged the principle that "preemption is appropriate where [an] unjust enrichment

---

[8]  The Copyright Act provides in relevant part,

> Copyright protection subsists, in accordance with this title, in original works of authorship fixed in any tangible medium of expression, now known or later developed, from which they can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device. Works of authorship include the following categories: . . . pictorial, graphic, and sculptural works.
> . . .

17 U.S.C. § 102(a).

claim does not allege that the defendants were enriched by anything other than copyright infringement." *Costar Group Inc. v. Loopnet, Inc.*, 164 F. Supp. 2d 688, 714 (D. Md. 2001) (citing *American Movie Classics Co. v. Turner Entertainment Co.*, 922 F. Supp. 926 (S.D.N.Y. 1996).  In this case, Smoot has failed to allege that Defendants were unjustly enriched by anything other than copyright infringement.  Accordingly, Smoot's unjust enrichment claim is preempted by the Copyright Act.

Even if Smoot's unjust enrichment claim was not preempted, he has failed to allege facts that satisfy the elements of this claim.  The three elements of an unjust enrichment claim are: "(1) a benefit conferred upon the defendant by the plaintiff; (2) an appreciation or knowledge by the defendant of the benefit; and (3) the acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without the payment of its value."  *Swedish Civil Aviation Admin. v. Project Mgmt. Enter., Inc.*, 190 F. Supp. 2d 785, 792-93 (D. Md. 2002).  Plaintiff has failed to allege that Defendants either appreciated or knew about Smoot's designs, or that Defendants accepted and retained any benefits associated with those designs.  Indeed, Smoot has not alleged that Defendants provided any response to Smoot's solicitation of financial backing or the portfolio's contents.  Therefore, Smoot's claim for unjust enrichment fails pursuant to Rule 12(b)(6).

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(2) is GRANTED and Plaintiff's Complaint is DISMISSED.


July 14, 2006                                    /s/_____
                                                Richard D. Bennett

United States District Judge